PEOPLE *v*. RUDOLPH COLEMAN

CRIMINAL LAW—WITNESSES—REBUTTAL WITNESS—UNINDORSED WITNESS.

A rebuttal witness for the prosecution may be called although not indorsed on the information.

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 March 8, 1971, at Detroit. (Docket No. 9537.) Decided April 1, 1971.

Rudolph Coleman was convicted of uttering and publishing. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and LEVIN, JJ.

PER CURIAM. Defendant, Rudolph Coleman, was convicted by a jury verdict on February 26, 1970, of

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 4.

uttering and publishing (MCLA § 750.249 [Stat Ann 1954 Rev § 28.446]) and was sentenced to 5 to 14 years in prison. Defendant appeals as of right, raising one issue.

Defendant asserts error in the trial court's admission of rebuttal testimony submitted by the prosecutor. Because this rebuttal witness had not been indorsed on the information, defendant contends it was improper for him to testify. Defendant cites *People* v. *Sacharczyk* (1969), 16 Mich App 710, in support of this contention of error. *Sacharczyk,* however, is wholly inapplicable, for it dealt with the calling of unindorsed *res gestae* witnesses. Such is not the case here.

Examination of the record indicates that the people were not obligated to call the witness as part of their main case. He was called for rebuttal, and properly so.

A similar contention was rejected in *People* v. *Freeman* (1969), 16 Mich App 63, 72:

"Defendant further alleges that the trial court erred in permitting a police officer who had not been indorsed on the information to testify as a rebuttal witness. The record shows that the prosecution had no intention of calling the witness until defendant took the stand. The witness's testimony was merely for rebuttal and was not part of the people's affirmative case. * * * The admission of the testimony of the previously unindorsed rebuttal witness did not result in a miscarriage of justice. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096)."

No reversible error. Conviction of defendant is affirmed.